Eric Davis
P. O Box 9246
Moreno Valley, CA 92552
916-620-3169
ericdavondavis@yahoo.com

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ERIC DAVON DAVIS, | Case No.: 25-1522 T |
| Plaintiff, | |
| vs. | COMPLAINT |
| THE UNITED STATES, | |
| Defendant | |

## I. JURISDICTION

1. This Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, which authorizes monetary claims against the United States founded upon the Constitution, statutes, and contracts with the United States.

2. Petitioner seeks compensatory damages exceeding $10,000 arising from the United States Department of State's denial of his passport application, constituting an uncompensated taking of a cognizable property interest, together with contractual treble damages under unrebutted private contract terms.

## II. PARTIES

3. **Petitioner**: Eric Davon Davis, domiciled in California.

4. **Respondent**: The United States of America, acting through its agency, the Department of State.

COMPLAINT - 1

Received – USCFC
SEP 1 2 2025

## III. STATEMENT OF FACTS

5. On March 30, 2024, petitioner recorded a **Common Law Copyright Notice and Security Agreement** with the U.S. Copyright Office (Document No. JHD-220877-CN), establishing contractual protections and treble damages provisions against unauthorized use or obstruction of petitioner's identity.

6. On September 18, 2024, the **U.S. Department of State (Houston Passport Agency)** issued a letter to petitioner denying his passport application, citing certification by the Department of Health and Human Services (HHS). See **Appendix C**.

7. This denial obstructed petitioner's right to obtain a passport, depriving him of a **cognizable property interest in international travel**, constituting a taking under the Fifth Amendment. See *Kent v. Dulles*, 357 U.S. 116 (1958); *Aptheker v. Secretary of State*, 378 U.S. 500 (1964).

8. Petitioner subsequently corresponded with the Department of State, including formal notices dated September 30, 2024, and March 18, 2025, as well as receiving a further denial letter dated October 28, 2024. Petitioner also served supporting documents via USPS on March 19, 2025. See **Appendix D (Exhibits D-1 through D-4)**.

9. As of September 9, 2025, petitioner has suffered **356 days of obstruction**, with damages calculated at **$350,000 per day**, totaling **$124,600,000** in base damages.

## IV. CLAIM FOR RELIEF

COMPLAINT - 2

**Count I – Fifth Amendment Taking (Passport Denial)**

10. Petitioner incorporates paragraphs 1–9.

11. Respondent, acting through the Department of State, obstructed petitioner's right to obtain a passport.

12. This obstruction deprived petitioner of a protected property interest in international travel, constituting a taking without just compensation in violation of the Fifth Amendment. **Petitioners seek money damages only. Petitioner does not seek injunctive relief or passport issuance.**

13. Under petitioner's unrebutted private contract (recorded Mar. 30, 2024), damages are trebled pursuant to UCC §§ 1-103 and 1-308.

**Damages sought:**

- Base damages: **$124,600,000** (356 days of obstruction).
- Trebled contractual damages: **$373,800,000.**
- **Total claim: $498,400,000.**

**V. PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests judgment against the United States as follows:

1. For compensatory and contractual treble damages totaling **$498,400,000, to be paid from the Judgment Fund pursuant to 31 U.S.C. § 1304**;
2. For costs of suit as allowed by law; and
3. For such other relief as the Court deems just and proper.

COMPLAINT - 3

Respectfully submitted,
**Eric Davon Davis**

Dated __8th__ of September, 2025.

_____
Signature

COMPLAINT - 4